**Jayme THOMAS, Plaintiff,**

v.

**OLD TOWN DENTAL GROUP, P.A., Defendant.**

**No. 13–10156–CIV– MARTINEZ/GOODMAN.**

United States District Court, S.D. Florida, Miami Division.

Signed May 28, 2014.

---

Brandon J. Hill, Luis A. Cabassa, Wenzel Fenton Cabassa, P.A., Tampa, FL, for Plaintiff.

Edilberto O. Marban, Coral Gables, FL, for Defendant.

1. *The Boxer,* on BRIDGE OVER TROUBLED

### DISCOVERY ORDER CONCERNING PLAINTIFF'S DEMAND FOR PRODUCTION OF STATEMENTS FROM "UNDISCLOSED" FACT WITNESSES

JONATHAN GOODMAN, United States Magistrate Judge.

As Simon and Garfunkel explained in their rock ballad "The Boxer," "still a man hears what he wants to hear and disregards the rest."[1] Just like the hypothetical man in the "The Boxer," Defendant Old Town Dental Group, P.A.'s ("Old Town") attorney saw what he wanted to see in Federal Rule of Civil Procedure 26(a) (required initial disclosures) and disregarded subsection (b) (defining the scope of discovery) in responding to Plaintiff Jayme Thomas' ("Thomas") interrogatories. Counsel's incorrect view of his client's discovery obligations triggered the need for a motion and a hearing.

In particular, Thomas demands that Old Town produce witness statements from Old Town employees Joelle Keane and Marzena Slusher. [ECF No. 24]. Her motion arises from Old Town's failure to disclose these two witnesses when responding to her interrogatories seeking the identities of fact witnesses. Old Town contends it did not have to list these witnesses in response to Thomas' interrogatories because Rule 26 limits its interrogatory answer to only those witnesses it intends to use. Old Town also never listed these work product witness statements on a privilege log. Nevertheless, Thomas' motion is **denied** because Thomas now knows of the witnesses and because the Local Rules do not require the witness statements (which are, in fact, work product material) to be listed on a privilege log (as they were generated after the lawsuit was filed).

## I. BACKGROUND

### A. *Factual Background*

Thomas is a dental hygienist who worked for Old Town from January 2012 to May 2013. According to her lawsuit, Thomas was advised to watch her "punches" because a coworker had observed Old Town's office man-

WATER (Columbia 1969).

ager changing Thomas' time cards. On a day now deemed important, Thomas punched out at 3:27 p.m. and printed out a time card showing the entry for the end of her workday. The next day, however, Thomas printed her time card and saw that her punch out for the previous day had been changed to 3:00 p.m. Thomas alleges that Old Town changed her "punches" 19 times. Her statement of claim alleges that these 19 manual changes generated a total shortfall of approximately 9.5 hours, which, at her regular hourly rate of $43, caused her damages of $408.50, excluding liquidated damages, attorney's fees, and costs. [ECF No. 9].

Seeking to recover $408.50 plus liquidated damages, fees and costs, Thomas filed this lawsuit and then propounded interrogatories. One interrogatory asked Old Town to list all fact witnesses. In response, Old Town provided sworn interrogatory answers. Those answers did not, however, mention Keane or Slusher. Thomas later learned that Old Town obtained witness statements from Keane and Slusher but did not produce them in response to a request for production calling for documents supporting Old Town's affirmative defenses and denials of the complaint's allegations.

### B. *Thomas' Motion*

Thomas filed a motion to compel Old Town to produce the two witness statements. Thomas contends that Old Town should produce these statements because Old Town: (1) never identified Keane and Slusher as fact witnesses in its interrogatory answers; (2) did not produce the statements in response to the document request; and (3) did not list the two witness statements on a privilege log.

In its response, Old Town represented that it did not need to list Keane and Slusher as fact witnesses in response to the interrogatory because "the Rules of Civil Procedure **do not require Defendant to list witnesses that it will not use to support affirmative defenses.**" [ECF No. 29 (emphasis added) ]. Concerning the witness statements and the defense explanation for why they were not produced in discovery, Old Town took the position that the unsworn statements "are not admissible for substantive purposes" and

"can only be used for impeachment." It did not then assert the work product doctrine, however. Instead, it relied on Rule 26(a)(1)(A)(ii), arguing that the rule "exempts evidence used solely to impeach because pretrial disclosure would significantly diminish its impeachment value."

### C. *The Hearing*

At the discovery hearing, the Undersigned asked Old Town's counsel why he did not list Keane or Slusher in response to an interrogatory seeking fact witnesses. That question triggered the following discussion which revealed counsel's misperception of the interplay between Rule 26's mandatory initial disclosures, the scope of permissible discovery, and responses to interrogatories:

> *Counsel:* We did not intend to use them as witnesses, and I quoted from the official comments of Rule 26, we do not have to disclose witnesses that we do not intend to use. We did not believe they had any knowledge, we only took their statement after the plaintiff gave her deposition and stated that she was in direct contact with one of the witnesses, and also one of the current employees were being contacted. So we obtained those statements after the fact. . . .

> *The Court:* . . . [W]e're getting a little ahead of ourselves. Right now I'm not asking you about the sworn statements or the unsworn statements or statements at all. Before we get to that, I'm asking **in response to the interrogatories** and in particular number three, why did your client not list these two witnesses, Joelle [sic] Keene or [sic] Marzina Slusher?

> *Counsel:* I believe, Judge, I was basing myself on the Rules of Civil Procedure that I **only listed the witness that we intended to use.** That's my understanding from the rules.

> *The Court:* So let me just—well, is there anything unusual about this case, [ ], that would cause you to think that or that's your general view of how the discovery rules work in all the cases that you're involved in?

*Counsel:* My understanding, Judge, from the rules is that I list the witnesses that I intend to support my affirmative defenses. That's what Rule 26 requires disclosure of. People that would support the affirmative defense.

*The Court:* All right. So basically what you're saying is that if an opposing party, like the plaintiff here, sends you an **interrogatory** asking for **fact witnesses, that you need only list those witnesses that you're going to be relying on.**

*Counsel:* **Yes, Your Honor.**

\* \* \*

*The Court:* And this has been your practice for probably the past several years?

*Counsel:* Yes, Your Honor.[2]

[ECF No. 43, pp. 2–3 (emphasis added)].

Concerning the two witness statements, Old Town's counsel contended (for the first time), among other arguments, that they are protected by the work product exception to discovery, but conceded that they were not put on a privilege log. The Undersigned directed Old Town to submit the witness statements under seal for *in camera* review, and Old Town complied. [ECF Nos. 35; 36–1].

#### D. *Post-Hearing Developments*

After the Undersigned expressed extreme skepticism about the accuracy of the "we-can-avoid-listing-fact-witnesses-in-interrogatory-answers-if-we-are-not-ourselves-relying-on-those-fact-witnesses" theory of discovery, Old Town's counsel filed a post-hearing memorandum about the scope of discovery. In that memorandum, he significantly changed the position he articulated at the two hearings and unequivocally noted that "it is necessary to list all witnesses having such knowledge [of the facts concerning the issues raised in the pleadings], even if Defendant does not intend to use any such witnesses." [ECF No. 37 (emphasis added)]. Defense counsel emphasized the change in position by

repeating his new (and correct) perspective: "Parties have a duty to list all known witnesses, even if they do not intend to use them, under Rule 26(b)" and "it is acknowledged that Rule 26(a) disclosure requirements are different from the duty to disclose witnesses when an interrogatory is propounded." [*Id.* at p. 12 & n. 2].

### II. DISCUSSION

 First, concerning Old Town's failure to list the witnesses in its initial disclosures, Rule 26(a)(1)(A)(i) requires the disclosure of witnesses that the disclosing party "may use to support its claim or defenses, unless the use would be solely for impeachment." Therefore, to the extent that Old Town is not relying on either witness (and it says that it is not), then it had no obligation to include them *in its initial disclosures*. The Undersigned rejects Old Town's new (i.e., raised for the first time in the post-hearing memorandum) alternative argument that it **did** disclose the witnesses in its initial disclosures because it listed "all witnesses listed by Plaintiff in his [sic] initial disclosures," and Thomas listed the witnesses. Rule 26(a)(1)(A)(i) requires the disclosure of the "name and, if known, the address and telephone number of each individual." Thomas listed only the first name of one witness ("Joelle," for Joelle Keane) and only the partial first name of the other witness ("Zena," for Marzena Slusher), but did not list any addresses or telephone numbers. Old Town—Slusher and Keane's current employer—presumably knows their full names and addresses and should have provided more information.

 Second, concerning its failure to list the witnesses in response to Thomas' "list-all-fact-witnesses" interrogatory, Old Town abandoned its prior position that it could incorporate the language from Rule 26's initial disclosures provision into Rule 26(b)'s discovery scope provisions and Rule 33's in-

---

**2.** In a hearing 10 days earlier (on May 2, 2014) in another case, counsel voiced the same view about responding to interrogatories (as opposed to making initial disclosures). Specifically, when discussing the nature of required answers to *interrogatories* seeking fact witnesses, counsel explained, "I don't have—Rule 26, the official comments, say **I don't have to list witnesses I'm not going to use.**" [*Gonzalez v. Xixon Cafe*, No. 13–23867–Civ–Martinez/Goodman, ECF No. 50, p. 25 (emphasis added)].

terrogatory provisions. Given that (1) the scope of discovery is generally broad, (2) Rule 26(b) specifically defines permissible discovery to include the identity of fact witnesses, and (3) Appendix B of the Local Rules' standard form interrogatories specifically authorizes an interrogatory asking for the identity of fact witnesses," Old Town's decision to drop its atypical theory is a sound one.

Third, the Undersigned is far from convinced that Old Town's other argument—that neither witness has relevant knowledge—is logical. If the witnesses did not have knowledge, then why did Old Town obtain signed witness statements from them? In addition, without disclosing information protected by the work product exception to discovery, the Undersigned has reviewed the statements and they **do** demonstrate knowledge relevant to the issues raised in the pleadings. So Old Town should have, but did not, disclose the full names and other identifying information about the two witnesses in its answer to Thomas' interrogatory.

■ Fourth, while Old Town did not list the two statements on a privilege log, Local Rule 26.1(g)(3)(C) does not require them to do so for "work product material created after commencement of the action." The Undersigned has reviewed the two witness statements *in camera* and confirmed that they are in fact work product material and were created after the lawsuit.

Finally, Thomas has suffered little harm as a result of Old Town's discovery failure. In particular, Thomas now knows the identities of the two witnesses and her counsel has already spoken with them. In short, Thomas has not sufficiently convinced me that an ultimately harmless discovery failure (based on counsel's confusion between two different discovery rules) should result in the punishment of losing work product protection for written witness statements.[3]

## III. CONCLUSION

■ The Undersigned therefore **denies** Thomas' motion to compel Old Town to produce the protected statements. Although Old Town prevailed on this motion, the Undersigned is awarding Thomas $500 in attorney's fees in connection with Old Town's patently incorrect yet stridently-held argument that it did not need to disclose fact witnesses in response to an interrogatory calling for fact witnesses unless it also chose to *rely* on the witnesses. This novel theory would permit litigants to easily hide unfavorable witnesses with impunity and resulted here in the filing of an unnecessary discovery motion and a hearing.

The attorney's fees must be paid by defense counsel personally and shall be paid within 7 days of entry of this Order. Defense counsel shall also, within 3 days of making the payment, file an affidavit in the Undersigned's e-file inbox, confirming that payment has been made.[4]

**DONE and ORDERED.**

---

3. If either Keane or Slusher had asked for their witness statement, then Old Town would be required to provide it. Fed.R.Civ.P. 26(b)(3)(C) (previous statement).

4. This $500 award is not an adverse disciplinary finding and is not a sanction against defense counsel. Instead, it is a Rule 37(a)(5) fee-shifting, cost-shifting mechanism, generated by defense counsel's flawed discovery theory—a theory which led to the filing of an unnecessary motion and a hearing. *See Topp, Inc. v. Uniden Am. Corp.*, No. 05–21698–Civ–Moreno/Simonton, 2007 WL 2155604 (S.D.Fla. July 25, 2007) (awarding fees and costs against a party who prevailed on a motion to compel because the party failed to timely cancel an out-of-town deposition, thereby creating adverse financial consequences to the opposing party). This Order would not require defense counsel to answer "yes" if asked (e.g., by a judicial nominating commission, by a prospective client, by an insurance carrier, by a prospective employer, etc.) whether a Court has ever sanctioned him.